# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JEFFREY GOODSON ,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| ) | **JURY DEMAND** |
| **CINTAS CORPORATION** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

## I.   INTRODUCTION

1. Plaintiff Jeffrey Goodson instituted this action for declaratory judgment, monetary relief, injunctive relief, and equitable relief to secure the protection of and to redress the deprivation of rights protected under The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, which provides relief for age-based employment discrimination.

## II.   JURISDICTION

2. Plaintiff invokes the jurisdiction of this Court under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

1

## III.   PARTIES

3. The Plaintiff, Jeffrey Goodson (hereafter "Plaintiff" or "Goodson"), was and is a citizen of the United States, over the age of forty (40), who has fulfilled all conditions precedent to the institution of this action under The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

4. The Plaintiff filed a timely charge of discrimination with the EEOC. The EEOC issued a right-to-sue letter, and thereafter Plaintiff filed timely filed this suit.

5. The Defendant, Cintas Corporation (hereafter "Cintas"), is subject to suit under The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, as amended.  Cintas does or did business in this jurisdiction.

## IV.   STATEMENT OF FACTS

6. Plaintiff is a 58-year old male.

7. Plaintiff was employed by Defendant as a Sales Representative, and has approximately 26 years of experience in the industry.

8. The Defendant regularly recognized Plaintiff as one of the top performers in his market.

9. Plaintiff secured one of the Defendant's largest contracts in 2020.

10. On or around September 24, 2019, Plaintiff worked with Thamar Duncan, ("Duncan"), on a special assignment.

11. During their debriefing, Duncan made disparaging comments about Plaintiff's age.

12. Duncan stated the Defendant's General Manager, Zell Robinson, ("Robinson"), felt that Plaintiff's age was an issue in Plaintiff's market.

13. Doug (LNU), the Defendant's Service Manager, told Plaintiff Robinson stated Plaintiff was too old, and the Defendant would like to see a younger salesperson in his market.

14. Several days later, Melissa Jacobs, the Defendant's Training Director, told Plaintiff she heard he was leaving the Tallahassee area.

15. Plaintiff never mentioned leaving the Tallahassee area, and was not yet aware of the Defendant's decision to move him.

16. In or around January of 2020, Robinson told Plaintiff he was transferring Plaintiff to another market.

17. Plaintiff told Robinson he did not want to transfer, but Robinson stated a younger salesperson was taking at least half of Plaintiff's business regardless of where Plaintiff worked.

18. Plaintiff reluctantly agreed to transfer to the Dothan, Alabama region in or around March of 2020, and was to begin work there in June of 2020.

19. On or around April 2, 2020, the Defendant terminated Plaintiff's employment because of his age.

20. Defendant replaced Plaintiff with substantially younger individuals.

21. Plaintiff was told the reason for his termination was based on his "Personal Employment Development" record, which considers performance and seniority, granting preference in employment towards those possessing a greater amount of seniority.

22. Plaintiff never received a negative mark in his Personal Employment Development record in his 26 years working for the Defendant.

23. Plaintiff was consistently a top performing Sales Representative.

24. Plaintiff's supervisor confirmed his age was the true reason for his termination.

## V. CAUSES OF ACTION

### A. COUNT 1: AGE-BASED DISCRIMINATION / DISPARATE TREATMENT

25. Plaintiff restates and incorporates the paragraphs 3-24 above with similar force and effect.

26. The statements and actions outlined above show favoritism for young people in their selection and employment with the Defendant.

27. The Defendant's practices and procedures relative to its Sales Representatives were intended to discriminate against Plaintiff.

28. The Defendant's purported non-discriminatory reasons for Plaintiff's transfer and termination are and were pretext for intentional discrimination.

29. Defendant has condoned and ratified age-based discrimination.

30. Plaintiff asserts Defendant decided to replace him with a substantially younger worker due to his age.

31. Plaintiff was qualified for the positions he held, and others he did not, yet younger employees were selected to remain employed, younger employees were transferred to alternate positions for which Plaintiff was qualified in lieu of transfer or layoff, and after Plaintiff was laid off, younger employees were selected to perform Plaintiff's responsibilities.

32. Defendant asserts it eliminated Plaintiff's position due to business necessity; however, this reason is a pretext for age-based discrimination.

33. In a veiled attempt to escape liability for its unlawful animus toward Plaintiff, the Defendant told Plaintiff he was being transferred. In actuality, the Defendant expected Plaintiff to resign upon learning of his transfer.

34. When Plaintiff decided to remain employed and accept the transfer, the Defendant terminated Plaintiff.

35. As a result, Plaintiff was illegally discriminated against due to his age, and he has suffered lost wages and benefits associated with the same.

**WHEREFORE**, the Plaintiff respectfully prays this Court assume jurisdiction and provide him injunctive relief and declaratory relief, other equitable relief, back pay (plus interest), the value of lost benefits, attorneys' fees, costs, and

expenses, and all other relief allowed or deemed just and proper by the Court.

          Respectfully submitted,

          /s/   Eric Sheffer
          Eric C. Sheffer
          **WIGGINS, CHILDS, PANTAZIS FISHER & GOLDFARB, LLC**
          The Kress Building
          301 19th Street North
          Birmingham, Alabama 35203
          Telephone: (205) 314-0500
          Facsimile: (205) 254-1500
          E-mail: esheffer@wigginschilds.com

          **Attorney for Plaintiff**

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

          /s/ Eric Sheffer
          Eric Sheffer
          **OF COUNSEL**

**SERVE DEFENDANT BY CERTIFIED MAIL AT:**
Corporation Service Company, Inc.
c/o Cintas Corporation
641 South Lawrence Street
Montgomery, Alabama 36104