FILED

2021 Oct-18  AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY GOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 2:21-cv-00498-JHE |
| | ) | |
| CINTAS CORPORATION NO. 2, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Jeffrey Goodson ("Goodson") brings this action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"), against his former employer Defendant Cintas Corporation No. 2 ("Cintas"), alleging one count of age-based discrimination. (Doc. 1). Cintas moves pursuant to 28 U.S.C. §1404(a) to transfer venue to the Northern District of Florida. (Doc. 14). Goodson opposes transfer to the Northern District of Florida and, instead, requests the court transfer this action to the Middle District of Alabama. (Doc. 17). Cintas has filed a reply brief in support of its motion. (Doc. 19). The motion is fully briefed and ripe for review. For the reasons stated below, the motion to transfer venue (doc. 14) is **GRANTED**, and this action will be transferred to the United States District Court for the Northern District of Florida.

## I. Background

Goodson was originally employed by G&K Services, a uniform services company that

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

Defendant Cintas acquired in 2017.  (Doc. 15-1 at ¶3).  From 2017, when he became employed by Cintas, Goodson was a Sales Representative in Cintas's Marianna, Florida facility.  (*Id.*).  As a Sales Representative, Goodson serviced Cintas customers throughout the geographic area within the Northern District of Florida.  (*Id.* at ¶4).  Goodson did not service customers within the Northern District of Alabama.  (*Id.*).

Goodson alleges he was told in January 2020 (pre-COVID-19), Cintas was transferring him to another market.  (Doc. 1 at ¶16).  Goodson expressed he did not want to transfer.  (*Id.* at ¶17).  Nevertheless, Goodson reluctantly agreed to transfer to the Dothan, Alabama region around March 2020, with the intention to begin working that region in June 2020.  (*Id.* at ¶18).

However, *before* beginning work in the Dothan, Alabama region, in April 2020, Cintas terminated Goodson's employment.  (*Id.* at ¶5; doc. 1 at ¶19).  Without citation to the record, Goodson asserts Cintas's decided to terminate his employment *after* his transfer and that *after* he moved to the Dothan, Alabama area, Cintas subjected him to adverse employment actions, including reduced total compensation and termination.  (Doc. 17 at 2).  Goodson's EEOC Charge of Discrimination identifies his employer as being located in Marianna, Florida (*see* doc. 19-1 at 2), and his complaint confirms he agreed to transfer to the Dothan, Alabama region around March 2020, but was not to begin working there until June 2020 (doc. 1 at ¶18).

Cintas maintains it terminated Goodson's employment due to the COVID-19 pandemic (doc. 15-1 at ¶5), while Goodson alleges Cintas terminated his employment because of his age (doc. 1 at ¶19).  Cintas further asserts it ran the decision to terminate Goodson's employment through its Marianna, Florida facility and based its decision upon the business needs of that area. (Doc. 15-1 at §5).

## II. Analysis

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) is "merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 430 (2007)).

Goodson opposes Cintas's motion to transfer venue to the Northern District of Florida. (Doc. 17). Although he filed this action here, in the Northern District of Alabama, Goodson now contends the Middle District of Alabama is the more appropriate venue. (Doc. 17).

Section 1404(a) gives the court discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "The relevant factors to consider in analyzing transfer under 1404(a) include:  (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Stewart Org., Inc.*, 487 U.S. at 34. Consideration of these factors weigh in favor of transfer to the Northern District of Florida.

### A.  Connections to the Northern District of Florida

Goodson's complaint and EEOC Charge, as well as other evidence, show the "place of the alleged wrong" or "location of the operative events" is in the Northern District of Florida. *See A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1311 (N.D. Ala. 2003) (recognizing that where the "operative facts underlying the cause of action transpired" is a consideration for venue transfer).  This is an age discrimination case, and Cintas employed Goodson out of its Marianna, Florida facility, where he serviced customers throughout the Northern District of Florida.  (*See* doc. 15-1 at ¶3; doc. 19-1).  Goodson's EEOC Charge refers to allegedly discriminatory statements made within the Northern District of Florida and identifies Cintas address in Marianna, Florida. (Doc. 19-1).  Although Goodson alleges he reluctantly agreed to transfer to the Dothan, Alabama region in March 2020, he states he was not going to start working there until June 2020.  (Doc. 1 at ¶18).  Goodson further alleges Cintas terminated his employment in April 2020 (*id.* at ¶19), which is before he was supposed to start working in the Dothan, Alabama area.  Goodson has offered nothing to rebut Cintas's evidence that its decision to terminate Goodson's employment was made through its location within the Northern District of Florida.  (Doc. 15-1 at ¶5).

Other factors also weigh in favor of transfer to the Northern District of Florida.  Documents relevant to Goodson's claims originated and are located in the Northern District of Florida. *See Chambers v. Merrill Lynch & Co.*, Case No. 2:09-cv-2236-RDP, 2010 WL 11565371, *16 (N.D. Ala. June 15, 2010).  Additionally, relevant witnesses to Goodson's employment and Cintas's decision to terminate his employment work within the Northern District of Florida.  As this is an age discrimination case governed by the relevant federal statute, both forums are familiar with the relevant federal law.  However, as the events giving rise to the claim took place within the Northern District of Florida, that district has the most interest in the resolution of this action.

### B.  Plaintiff's Choice of Forum

While a plaintiff's choice of form is typically given considerable deference and could possibly outweigh the other factors, Goodson's original choice of the Northern District of Alabama would be entitled to less weight because none of the parties reside here.  *See Ramsey v. Gamber*, No. 2:09-cv-1425-VEH, 2009 WL 10687219, *4 (N.D. Ala. Sept. 17, 2009).  Additionally, this deference would be further diminished because there is no connection between the events that form the basis of Goodson's claims and this district.  *See Harper v. Am. Airlines, Inc.*, Case No. CV-08-S-2410-NE, 2009 WL 1605800 (N.D. Ala. May 18, 2009).

Likely recognizing this fact, Goodson requests the court transfer this case to the Middle District of Alabama, contending it is more convenient because he and his counsel both reside in Alabama.  (Doc. 17 at 3).  Goodson asserts that litigating this case in the Middle District of Alabama[2] should not cause Cintas to incur any inconvenience in obtaining witness attendance or otherwise, since it is close to the Northern District of Florida.  (*Id.*).  Notably, Goodson lives in the Dothan, Alabama area, which although it is within the Middle District of Alabama, it is close to the Northern District of Florida.  Furthermore, his geographic location did not prevent Goodson from initially filing this action in the Northern District of Alabama, which is much further from Goodson's home in Dothan, Alabama than it is from the Northern District of Florida.

Thus, considering the Middle District of Alabama to be Goodson's "updated" choice of forum, it is entitled to less deference.  As explained above, there is little-to-no connection between the events at issue in this case and that district.  The only connection is that it is where Goodson

---

[2] When discussing geographic proximity, Goodson refers to the Northern District of Alabama and the Middle District of Florida.  (Doc. 17 at 3).  It appears these are typos, as Goodson has been urging transfer to the Middle District of Alabama and Cintas requests transfer to the Northern District of Florida.

lives and where he was going to be transferred.  While normally, the court would give greater deference to the plaintiff's choice of forum, particularly when he is an individual who may have difficulty litigating a case in a different state, the facts here do not support such deference.  With less deference to Goodson's most-recent choice of forum and all the other factors supporting transfer to the Northern District of Florida, transfer to the Northern District of Florida is appropriate.

### III. Conclusion

For the reasons stated above, for the convenience of the parties and in the interest of justice, the motion to transfer venue (doc. 14) is **GRANTED**.  A separate order will be entered.

DONE this 18th day of October, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE